# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HUMBERTO GARCIA, *on behalf of himself,*              Case No. 25-CV- 06709 (JGK)
*FLSA Collective Plaintiffs, and the Class,*
                                                      **OFFER OF JUDGMENT**
                        Plaintiffs,

        -against-

FOX HARLEM LLC., SERENA HARLEM LLC.,
SKDL CORP, and SUSANNAH KOTEEN

                        Defendants.
-------------------------------------------------------------------X

      Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendants FOX HARLEM LLC, SERENA HARLEM LLC., SKDL CORP, and SUSANNAH KOTEEN (collectively, "Defendants") hereby offer to allow judgment to be taken against Fox Harlem, LLC and SKDL Corp., jointly and severally, on behalf of all Defendants, and in favor of HUMBERTO GARCIA ("Plaintiff") (the "Judgment"), in the sum of Forty-Two Thousand Dollars and No Cents ($42,000.00) ("Judgment Amount"), inclusive of all of Plaintiff's claims for relief, damages, attorney's fees, costs, and expenses, alleged in the above-captioned action.

      Payment on the Judgment Amount shall be made as follows: (a) the sum of Fifteen Thousand Dollars and Zero Cents ($15,000.00) shall be deposited into the client trust account of Lee Litigation Group, PLLC ("Plaintiff's Counsel") within thirty (30) days of the later of the date the Clerk of Court dismisses the above-captioned action with prejudice or the date on which Defendants' counsel receives a W-9 for Plaintiff's counsel and the wire/ACH transfer instructions for Plaintiff's Counsel's client trust account (the "Initial Payment"); and (b) the remaining Twenty-Seven Thousand Dollars and Zero Cents ($27,000.00) shall be paid in twelve (12) equal monthly installments of Two Thousand Two Hundred Fifty Dollars and Zero Cents ($2,250.00) (each an "Installment Payment") and shall be deposited in Plaintiff's Counsel's client trust account within

thirty (30) days of the due date (not the payment date of such Installment) of the previous Installment. Plaintiff's Counsel shall be responsible for issuing the portion of the Judgment Amount (including from the Initial Payment and each Installment Payment) to Plaintiff, and issuing Plaintiff the appropriate tax forms at the appropriate time. It is expressly understood and agreed that any of Defendants may make the Initial Payment or an Installment Payment, or portion thereof, and that all such amounts will be counted towards satisfaction of the Judgment. Any of Defendants that makes a payment towards the Judgment Amount will issue to Plaintiff's Counsel an IRS Form 1099-MISC at the appropriate time(s) for the portion of the Judgment Amount paid by such Defendant.

In the event SKDL Corp. and Fox Harlem, LLC, or any other Defendants on their behalf, fail to make the Initial Payment or any of the Installment Payments by the due date (a "Default"), Plaintiff's Counsel will be required to give notice to Ellenoff Grossman & Schole LLP ("Defendants' Counsel"), via email at afugazy@egsllp.com and vbluth@egsllp.com of such Default, whereby upon receipt of such notice by Defendants' counsel, SKDL Corp. and Fox Harlem, LLC, or any other Defendants on their behalf, will have ten (10) business days to cure such Default by delivering any outstanding payments to Plaintiff's Counsel before Plaintiff or Plaintiff's Counsel may take any action to enforce the Judgment ("Cure Period"). Email notice will be deemed received the same day it is sent by Plaintiff's Counsel, unless the email is sent after 5:00 p.m. EST in which case it will be deemed received by Defendants' Counsel the next business day, or if such day is a Saturday, Sunday or United States Bank Holiday, on the next business day following such Saturday, Sunday or United States Bank Holiday. Failure to make the Initial Payment or any of the Installment Payments by the expiration of the Cure Period will result in the imposition of a late payment penalty of 10% of the outstanding balance, compounded monthly (or

the highest interest rate allowed by law in New York), accruing automatically on any outstanding balance and no further notice from Plaintiff or Plaintiff's counsel shall be required. Accrual of the late payment penalty shall cease upon payment of the late amount plus any late payment penalty accrued to the date of such payment.

Acceptance of this Offer of Judgment will act to resolve all claims alleged by Plaintiff in the above-captioned civil action and further to release and discharge all Defendants, their successors or assigns, and all their past and present owners, shareholders, directors, officers, members, representatives, employees, managers, agents and affiliated entities ("Releasees") from any and all claims that were, or could have been, alleged by Plaintiff in the above-captioned civil action. Plaintiff's acceptance of this Offer of Judgment is also in full satisfaction of all federal and state law claims or rights that Plaintiff may have to damages, or any other form of relief, arising out of the alleged acts or omissions of Defendants or any owner, shareholder, member, manager, employee, or agent, either past or present, of any of the Defendants, or in connection with the facts and circumstances that are the subject of this action. By accepting this Offer of Judgment, Plaintiff agrees that Plaintiff will not actively solicit litigation against Defendants or direct anybody to solicit litigation against any of Defendants or Releasees. Further, by accepting this Offer of Judgment, Plaintiff agrees that Plaintiff will not disclose or publicize the Judgment, including the Judgment Amount, except to his legal or tax advisors, and will not direct, induce or encourage any person to view this Offer of Judgment or the Judgment ultimately entered by the Court on the court docket.

This Offer of Judgment is made for the purposes specified in Federal Rule of Civil Procedure 68, and neither this Offer of Judgment nor any judgment that may result from this Offer

of Judgment shall be construed as either an admission of liability on the part of Defendants, or any of them, or that Plaintiff has suffered any damages.

This Offer of Judgment is made pursuant to the provisions of and in reliance upon the protections contained in Rule 68 of the Federal Rules of Civil Procedure, and shall be deemed withdrawn unless Plaintiff serves written notice of his acceptance within fourteen (14) days of the date on which this Offer of Judgment was served. Any evidence of this Offer of Judgment shall be inadmissible except as provided in Rule 68 of the Federal Rules of Civil Procedure.

The terms of this Offer of Judgment, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Offer of Judgment, or as may otherwise be required by law, and any evidence of this Offer of Judgment shall be inadmissible except as provided in Rule 68 of the Federal Rules of Civil Procedure.

If Plaintiff does not serve written notice that this Offer of Judgment is accepted within 14 days after service, this offer will be deemed withdrawn, with the consequences described in Rule 68 of the Federal Rules of Civil Procedure.

Dated: New York, New York
January 7, 2026

ELLENOFF GROSSMAN & SCHOLE LLP

_/s/ Valerie Bluth_

Valerie J. Bluth, Esq.
1345 Avenue of The Americas
11th Floor
New York, NY 10105
212-370-1300
vbluth@egsllp.com
*Attorney for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2026, I caused Defendants' Offer of Judgment to be served, via electronic mail, upon Plaintiff's counsel of record in this matter:

CK Lee, Esq.
Anne Seelig, Esq.
Lee Litigation Group, PLLC
148 West 24th Street, 8th Floor
New York, NY 10011
aseelig@leelitigation.com
cklee@leelitigation.com

By: _____
      Valerie J. Bluth, Esq.

{01591419.DOCX.3}